IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE,** | : | |
| Plaintiff | : | No. 1:20-CV-1416 |
| | : | |
| v. | : | Judge Jones |
| | : | |
| **SHIPPENSBURG UNIVERSITY OF PENNSYLVANIA,** | : | Electronically Filed Document |
| | : | |
| Defendant | : | *Complaint Filed 08/11/20* |

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendant, Shippensburg University of Pennsylvania, through counsel, hereby responds to the Complaint as follows:

### JURISDICTION AND VENUE

1. Denied. This paragraph contains a legal conclusion to which no responsive pleading is required. To the extent this paragraph is deemed to contain factual averments, the averments are denied.

2. Denied. This paragraph contains a legal conclusion to which no responsive pleading is required. To the extent this paragraph is deemed to contain factual averments, the averments are denied.

### PARTIES

3. Admitted in part, denied in part. It is admitted that Plaintiff is an adult female. The remainder of this paragraph is denied. After a reasonable investigation,

Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

4. Admitted.

5. Denied. This paragraph contains a legal conclusion to which no responsive pleading is required. To the extent this paragraph is deemed to contain factual averments, the averments are denied.

## FACTUAL BACKGROUND

6. Admitted.

7. Admitted.

8. Admitted in part, denied in part. It is admitted that Plaintiff was offered a graduate assistant position and was paid an hourly wage. The remainder of the paragraph is denied. By way of further response, it is denied that the details listed accurately reflect the entire agreement between the parties for the graduate assistant position in Fall 2018. Furthermore, the graduate assistant position process was separate from the admission process for the Master's Degree program, and Plaintiff was provided a tuition waiver, not a tuition reimbursement.

9. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient knowledge or information to ascertain what Plaintiff intends by "excellent" and "was very quickly promoted." Therefore, it is denied.

10.     Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient knowledge or information to ascertain what Plaintiff intends by "at all times material hereto." Therefore, it is denied.

11.     Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

12.     Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

13.     Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

14.     Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

15.     Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

16. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

17. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

18. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

19. Admitted in part, denied in part. It is admitted that Plaintiff and Dr. Roe both traveled on a trip. The remainder of this paragraph is denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the remaining contents of this paragraph. Therefore, it is denied.

20. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

21. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

22. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

23. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

24. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

25. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

26. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

27. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

28. Admitted in part, denied in part. It is admitted that Plaintiff and "Dr. Roe" attended a work-related conference in New Orleans, Louisiana. By way of

further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the remaining contents of this paragraph. Therefore, it is denied.

29. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

30. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

31. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

32. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

33. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

34. Denied. After a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

35. Admitted in part, denied in part. It is admitted that Plaintiff requested to work from home. The remainder of this paragraph is denied. By way of further response, this request was made by email, which as a written document, speaks for itself. Therefore, Plaintiff's characterization thereto is denied.

36. Admitted in part, denied in part. It is admitted that Plaintiff returned to work. The remainder of this paragraph is denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the remaining contents of this paragraph. Therefore, it is denied.

37. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

38. Denied as stated. On or about August 21, 2019, Plaintiff was called into a meeting with the Defendant's Associate Vice President of Human Resources and the Dean to discuss accusation that she had engaged in unprofessional behavior during the trip to New Orleans.

39. Denied.

40. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

41. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

42. Admitted in part, denied in part. It is admitted that Plaintiff was told that the Defendant was going to end her employment. The remainder of this paragraph is denied. By way of further response, the Associate Vice President of Human Resources had told Plaintiff this.

43. Admitted in part, denied in part. It is admitted that Plaintiff never returned to the workplace and she received her last paycheck from Defendant on or about October 18, 2019. The remainder of this paragraph is denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the remaining contents of this paragraph. Therefore, it is denied.

44. Admitted in part, denied in part. It is admitted that Plaintiff was directed to submit a complaint to the Title IX Coordinator. The remainder of this paragraph is denied.

45. Admitted in part, denied in part. It is admitted that Plaintiff made a complaint to the Title IX Coordinator. The remainder of this paragraph is denied. By way of further response, this paragraph refers to written documents, which speak for themselves. Therefore, any characterization thereto by Plaintiff is denied.

46. Admitted in part, denied in part. It is admitted that Plaintiff produced documentation to the Title IX Coordinator. The remainder of this paragraph is denied. By way of further response, this paragraph refers to written documents, which speak for themselves. Therefore, any characterization thereto by Plaintiff is denied.

47. Admitted in part, denied in part. It is admitted that "Dr. Roe" was placed on leave. The remainder of this paragraph is denied. By way of further response, Dr. Roe was a contractual employee, and her contract expired without being renewed.

48. Denied. By way of further response, after a reasonable investigation, Defendant is without sufficient information or knowledge to confirm the contents of this paragraph. Therefore, it is denied.

49. Denied.

50. Denied.

# COUNT I
## VIOLATION OF TITLE IX
## QUID PRO QUO SEXUAL HARASSMENT

51. The responses to previous Paragraph 1 through 50 are incorporated herein as though set forth at length.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PENNSYLVANIA COMMON LAW
## RESPONDEAT SUPERIOR

61. The responses to previous Paragraph 1 through 60 are incorporated herein as though set forth at length.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## COUNT III
## NEGLIGENT SUPERVISION
## PENNSYLVANIA COMMON LAW

68. The responses to previous Paragraph 1 through 67 are incorporated herein as though set forth at length.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

**WHEREFORE**, Plaintiff is not entitled to any relief, and judgment should be entered in favor of Defendant.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state any claim upon which relief may be granted, either in whole or part.

## SECOND AFFIRMATIVE DEFENSE

If the Defendant violated any rights of the Plaintiff, which is specifically denied, such violations were not arbitrary, willful, intentional, malicious, wanton or reckless.

## THIRD AFFIRMATIVE DEFENSE

Defendant acted at all times with the good-faith belief that its conduct was lawful, thus it is immune from liability by virtue of absolute, qualified, official, governmental, state, sovereign or any other immunity.

## FOURTH AFFIRMATIVE DEFENSE

Prior to filing the current action, Plaintiff failed to properly exhaust the appropriate administrative remedies made available to her, either in whole or part, and therefore Plaintiff is not entitled to any relief requested in the current complaint.

## FIFTH AFFIRMATIVE DEFENSE

Parts or all of Plaintiff's action are barred by the applicable Statute of Limitations.

## SIXTH AFFIRMATIVE DEFENSE

At no time has Defendant, either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges or immunities secured to her by the Constitution or laws of the United States or this Commonwealth.

## SEVENTH AFFIRMATIVE DEFENSE

Any actions taken by the Defendant were justified, privileged, and reasonable.

## EIGHTH AFFIRMATIVE DEFENSE

The current complaint makes claims for damages or types of relief, some or all of which are not or may not be legally cognizable or compensable under the laws of the United States or this Commonwealth.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based upon a theory of vicarious liability, it is unavailable.

## TENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims by virtue of the Eleventh Amendment, the laws of the Commonwealth of Pennsylvania, or other law.

Defendant reserves the right to assert additional Affirmative Defenses, as appropriate, as this case moves forward.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's action, with prejudice, and enter judgment in its favor.

                      **Respectfully submitted,**

                      **JOSH SHAPIRO**
                      Attorney General

By:  *s/ Lindsey A. Bedell*
       **LINDSEY A. BEDELL**

**Office of Attorney General**       **Deputy Attorney General**
**15th Floor, Strawberry Square**   **Attorney ID #308158**
**Harrisburg, PA 17120**
**Phone: (717) 772-3561**        **KAREN M. ROMANO**
                                    **Chief Deputy Attorney General**
[lbedell@attorneygeneral.gov](mailto:lbedell@attorneygeneral.gov)     **Civil Litigation Section**

**Date:  September 8, 2020**       *Counsel for Defendant Shippensburg University of Pennsylvania*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | |
| Plaintiff | : | No. 1:20-CV-1416 |
| | : | |
| v. | : | Judge Jones |
| | : | |
| SHIPPENSBURG UNIVERSITY OF PENNSYLVANIA, | : | Electronically Filed Document |
| Defendant | : | Complaint Filed 08/11/20 |

## CERTIFICATE OF SERVICE

I, Lindsey Bedell, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on September 8, 2020, I caused to be served a true and correct copy of the foregoing document titled Answer with Affirmative Defenses to the following:

## VIA ECF

Samuel Dion, Esquire
Dion & Goldberger
1845 Walnut Street, Suite 1199
Philadelphia, PA  19103
samueldion@aol.com
*Counsel for Plaintiff*

                                               *s/ Lindsey A. Bedell*
                                               **LINDSEY A. BEDELL**
                                               Deputy Attorney General